UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD ROUFS,<br><br>　　　　Defendants. | Case No.: 1:12-cr-00392 JLT SKO<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 34) |

Ronald Roufs moves the Court for an order terminating his supervised release early. He has been under supervision for more than eight years on a 120-month term of supervised release. For the reasons set forth below, the motion is **DENIED**.

## I.  Background[1]

In 1991, Mr. Roufs was sentenced on a conviction for molesting a child under the age of 12. Consequently, he was required to register as a sex offender as required by the Sex Offender Registration and Notification Act. He registered as required by for about ten years, apparently in Washington and in Oregon. Then in 2001, he was sentenced on a charge of failing to register as a sex offender. At that time, he registered an address where he did not live and failed to provide his correct address.

---

[1] Unless otherwise noted, this information comes from the presentence report (Doc. 20), and the probation officer's response to the motion.

1    In addition, from 1996 through 1999, in four separate events, he was convicted three times
2    for driving on a suspended license, once for reckless driving and once for disorderly conduct.
3    Between 2004 and 2006, he was arrested five times. Four times he was charged with assault,
4    twice for contempt of court, twice for burglary[2], once for criminal mischief, once for
5    strangulation and once for harassment. In about 2012, Mr. Roufs moved to California[3] and
6    actively misrepresented himself to his employer as never having been convicted of a felony, and,
7    likewise, he failed to register as required by SORNA. By the time he was sentenced for the
8    charges in this case, he had been in custody for nearly a year. The Court sentenced him to time
9    served and ordered 120 months of supervised release.

10    For about five years, Mr. Roufs continued to live in the Eastern District of California.
11    During this time, he complied with the terms of his supervised release.  In 2018, his supervision
12    was transferred to the Western District of Washington, where he has continued to comply. During
13    this time, he completed mental health counseling, and in April 2021, he completed sexual
14    offender treatment. His probation officer notes that, "Mr. Roufs appears to have made a concerted
15    effort to address risk factors during his sexual offender treatment."

**II. Analysis**

17    In his motion, Mr. Roufs reports that he engaged in the sex offender treatment and therapy
18    because this was added as a condition upon the transfer of his case to Washington, rather than due
19    to any negative conduct on his part. (Doc. 34 at 4) While living in Washington, he has improved
20    his relationship with his daughter, grandchildren and ex-wife and is living in a trailer on his
21    daughter's property. Id. He asserts that he has completed all requirements of his supervised
22    release and argues that it should be terminated.

23    The government notes Mr. Roufs has had a lengthy criminal history. Also, though he has
24    completed the active components of his supervised release, the government argues that this is
25    what was expected of him when the court placed in supervised release without any additional

---

[2] Also, his first conviction, in 1984 was for burglary.
[3] Apparently, before this, he lived for years in Missouri. It does not appear that he registered according to SORNA while living there.

confinement time.

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes, first, that the underlying offense, which gave rise to the obligation to register as a sex offender, was quite serious and involved a particularly vulnerable child. After this, Mr. Roufs was convicted of failing to register as a sex offender in 2001 and, despite this, appears to have failed to register in Missouri—though he was not charged with this—and then convicted in this court in 2012 for failing to register in California. The Court is confident each of these facts was considered by the court when fashioning an appropriate sentence for Mr. Roufs and which resulted in the court requiring him to complete 120 months of supervised release.

Second, the Court has not been directed to any other cases in which a sex offender in Mr. Roufs' position has received a sentence that is more lenient or less so, and the Court is unaware of any. Third, the failure to register as a sex offender is a serious breach of the public trust and a sufficient sentence is needed to deter further violations of the law both by Mr. Roufs and by others. His repeated failure to register as a sex offender as required by law, further emphasizes what appears to be his minimization of the importance of his compliance with the registration requirements. Finally, to Mr. Roufs' credit, he has completed sex offender treatment and therapy. However, it is striking that he has not completed this type of intensive therapy until now, despite the passage of three decades since he committed the acts of molestation. Thus, after considering all of the § 3583(e)(1) factors and most particularly those mentioned here, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated: __**March 2, 2022**__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE